

Ivan R. Ashleman (argued), Las Vegas, Nev., for appellant.

Robert S. Linnell (argued), Asst. U. S. Atty., Joseph L. Ward, U. S. Atty., South Las Vegas, Nev., for appellee.

Before MERRILL and CARTER, Circuit Judges, and SMITH, District Judge *.

## PER CURIAM:

Appellant, convicted of unlawful possession of stolen mail in violation of Title 18, U.S.C. § 1701, has taken this appeal. He argues persuasively the abstract proposition that the Rules of Criminal Procedure should, in all fairness, grant the right to discover the names of grand jury witnesses and require provision of a transcript of their testimony. The rules simply do not so provide and it is difficult to see how, under the defense he asserted, such provision would have aided appellant.

Judgment affirmed.

Keith Webb Hayes, pro se.

Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, WISDOM, Circuit Judge, and BREWSTER, District Judge.

**Keith Webb HAYES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 25202.

United States Court of Appeals Fifth Circuit.

Aug. 12, 1968.

## PER CURIAM:

This is an appeal from the denial of a motion to vacate a judgment of guilty of the offense of bank robbery in violation of 18 U.S.C.A. § 2113(a).

Appellant contends that he was mentally incompetent when he waived counsel and pleaded guilty on September 20, 1962. As § 2255 sets in train the likelihood of the return of the prisoner for a hearing and the Court has a right to require some specific facts regarding the claimed prior mental history, background, or incidents of aberration to support the conclusory allegations, the district court was correct in its denial of this motion without an evidentiary

* Honorable Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

hearing. McCaffrey v. United States, 5 Cir., 1964, 328 F.2d 606; Wheeler v. United States, 8 Cir., 1965, 340 F.2d 119; Hartman v. United States, 6 Cir., 1962, 310 F.2d 447; Santos v. United States, 1 Cir., 1962, 305 F.2d 372; and Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582 (1955), vacated and remanded, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956), is not to the contrary.

Affirmed.

**UNITED STATES of America**
**v.**
**Fred Alonzo KELLY, Willard Maracle, Wayne Eugene Bush, Fred Alonzo Kelly, Appellant.**

**No. 16075.**

United States Court of Appeals
Third Circuit.

Argued June 20, 1968.

Decided Aug. 5, 1968.

Michael J. Boyle, Meyer, Unkovic & Scott, Pittsburgh, Pa., for appellant.

Lawrence G. Zurawsky, Asst. U. S. Atty., Pittsburgh, Pa. (Gustave Diamond, U. S. Atty., on the brief), for appellee.

Before KALODNER, and VAN DUSEN, Circuit Judges and WRIGHT, District Judge.

PER CURIAM.

This is an appeal from the District Court's refusal to grant a judgment of acquittal and appellant's subsequent conviction by a jury on June 7, 1966 of unlawful transportation of a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. § 2312. Appellant was sentenced on June 29, 1966 under the provisions of the Federal Youth Corrections Act, 18 U.S.C. § 5010.

At the time of appellant's trial certain statements of co-defendants implicating the appellant were admitted in evidence against him with appropriate instructions to the jury under the then controlling decision of Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed. 2d 278 (1957).

Since that time, however, the Supreme Court has decided Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which specifically overruled Delli Paoli v. United States, supra, holding that inculpatory statements of co-defendants may not be admitted in evidence during a joint trial. In addition, the holding of Bruton has been given retroactive application to cases arising prior to *Bruton* in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed. 1100 (1968).

For the reasons herein stated, the judgment of conviction will be reversed and the cause remanded to the District Court for a new trial or other proceedings consistent with the foregoing opinion.