**Willard D. BARRETT, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 4–69–Civ.–178.

United States District Court
D. Minnesota,
Fourth Division.

July 8, 1969.

Willard Barrett, pro se.

Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for respondent.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Pursuant to § 2255, Title 28 U.S.C.A., Willard Barrett has petitioned this court for relief from sentences of 15 and 5 years respectively imposed upon his pleas of guilty to charges of violating § 4742(a), Title 26 U.S.C.A.[1] and § 2421, Title 18 U.S.C.A.[2] The unsuccessful appeal which followed is reported as Barrett v. United States, 270 F.2d 772 (8th Cir.1959), which contains a detailed account of the circumstances regarding the crimes and convictions.

The instant petition urges three grounds for relief:

(1) That § 4742(a) is constitutionally defective in light of the Fifth Amendment privilege against self-incrimination as explicated in recent decisions of the United States Supreme Court;[3]

(2) That petitioner was deprived of his full rights under the Sixth Amendment because of the alleged inadequacy of his court-appointed trial counsel;

(3) That petitioner's guilty pleas were not voluntary, but unfairly induced in violation of Federal Rule of Criminal Procedure 11.

Not one of these grounds, as formulated in this petition, is sufficiently meritorious to support the motion for relief.

■ Petitioner asserts that by virtue of recent Supreme Court decisions (specifically, the cases cited supra note 3), Section 4742(a), of Title 26 U.S.C.A., is constitutionally defective in so far as it requires the disclosure of self-incriminating information. However, even if the themes of the *Marchetti* trilogy, and *Leary* and *Covington* may be said to apply to the particular provision at hand, petitioner's reading of those cases is faulty, for they did not hold the various sections of the Internal Revenue Code therein dealt with to be unconstitutional, but held only that those provisions, in the language of *Marchetti*,

"may not be employed to punish criminally those persons who have defended a failure to comply with their requirements with a proper assertion of the privilege against self-incrimination." 88 S.Ct. at 699.

■ But under any reading we are not obliged to consider the present status of § 4742(a).[4] In Williams v. United States, 291 F.Supp. 376 (D.Minn.1968),

---

1. "§ 4742(a): It shall be unlawful for any person * * * to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate."

2. § 2421 makes unlawful the knowing transportation in interstate commerce of any "woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent or purpose to induce, entice, or compel such woman or girl to become a prostitute or to give herself up to debauchery, or to engage in any other immoral practice * * * * * * *"

3. Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969); Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed. 2d 906 (1968); Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968).

At the time petitioner prepared this petition, the decisions in Leary and Covington had not been handed down; but of course petitioner is entitled to whatever benefit they afford to one in his situation.

4. Even if we were so obliged, there is strong support for the argument that §

we held that the principles governing retroactive application of new constitutional standards did not require this court to disturb an eleven-year-old conviction in deference to the teachings of *Marchetti, Grosso,* and *Haynes.* This conclusion has found support in Graham v. United States, 407 F.2d 1313 (6th Cir.1969). We find nothing in the recent cases of *Leary* and *Covington* to upset our belief that defects, such as those regarding the Fifth Amendment privilege against self-incrimination which do not taint the truth-finding process, nor increase the probability that the innocent will be convicted, will not be repaired by application of the doctrine of retroactivity. 291 F.Supp. at 379–380.

■ Petitioner next contends that the ineffectiveness of his appointed counsel deprived him of his Sixth Amendment right to assistance of counsel. Such a contention was fully considered by this court in a hearing closely following petitioner's conviction, and by the Eighth Circuit Court of Appeals. Barrett v. United States, 270 F.2d 772, 777 (8th Cir.1959). The passage of time has not added merit to this claim. Furthermore:

> "it is firmly settled that a motion under § 2255 cannot serve the office of an appeal and that issues disposed of on a prior appeal will not be reviewed again via such a motion." Butler v. United States, 340 F.2d 63, 64 (8th Cir.1965).

See also, Bearden v. United States, 403 F.2d 782 (5th Cir.1968), cert. den. 393 U.S. 1111, 89 S.Ct. 920, 21 L.Ed.2d 808; United States v. Granello, 403 F.2d 337 (2d Cir.1968), cert. den. 393 U.S. 1095, 89 S.Ct. 878, 21 L.Ed.2d 785; DeMaro v. Willingham, 401 F.2d 105 (7th Cir. 1968).

■ Finally, petitioner alleges that his pleas of guilty were induced by promises of a "fairly light sentence." It is true that the claim of an involuntary guilty plea may be sufficient ground for collateral attack under § 2255. See e.g., Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). But it is as true that a district court has the power to deny relief sought under a § 2255 motion where it contains "only bald legal conclusions with no supporting factual allegations." Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148 (1963). See also, Hayes v. United States, 399 F.2d 691 (5th Cir.1968); Oliver v. United States, 398 F.2d 353 (9th Cir.1968); Wheeler v. United States, 340 F.2d 119 (8th Cir.1965); Wilkins v. United States, 103 U.S.App.D.C. 322, 258 F.2d 416 (1958), cert. den. 357 U.S. 942, 78 S.Ct. 1396, 2 L.Ed.2d 1557. Petitioner only asserts that he was promised a light sentence (which he feels he did not receive), and was thus, by deceit, induced to plead guilty. No semblance of the detailed factual allegations noted in Machibroda v. United States, *supra*, 368 U.S. at 487, 82 S.Ct. 510, appears in the present petition and supporting memoranda. The transcript depicts only that petitioner admitted that he had counselled with his attorney in regard to pleading guilty (Tr. pp. 7–8), that he was familiar with the charges against him and the laws under which they were brought (Tr. pp. 10, 13–14), and that he was aware of the sentence imposed, and that he had no complaints about its length (Tr. pp. 22–24, 29, 34–35). Nothing appears to support petitioner's claim of unfair inducement. We have only his naked statement.

4742(a) is not, even in the light of *Marchetti* etc., and *Covington* and *Leary*, demanding of self-incriminatory information, in so far as petitioner is concerned. Section 4742(a) does not require the transferor, petitioner here, to obtain an order form. The transferor is not obliged to disclose any, let alone self-incriminating, information. It is the transferee who must obtain the prescribed form. See United States v. Minor, 398 F.2d 511 (2d Cir. 1968), where the court reaches such a conclusion regarding § 4705(a), Title 26 U.S.C.A., dealing with narcotic drugs, which is worded similarly to § 4742(a).

But courts facing § 2255 petitions have been taught the virtue of the "imaginative handling" of ineptly presented claims. Sanders v. United States, *supra*, 373 U.S. at 22, 83 S.Ct. 1068. Such inspired caution seems especially appropriate where, as here, the petitioner, unschooled in law, appears pro se. Where the conclusory nature of claims precludes effective determination of their merit the court may grant leave to file an amended or new petition limited to specified issues. Sanders v. United States, *supra*, 373 U.S. at 19, 83 S.Ct. 1068; Oliver v. United States, 398 F.2d 353, 355 n. 5 (9th Cir.1968). Rather than unconditionally deny relief, we choose this "better course."

Accordingly, as to all matters as presented in this petition, relief is

Denied.

But the relief sought in so far as it rests on petitioner's claim that his guilty pleas were unfairly induced, is only provisionally denied. This court will entertain a second § 2255 petition which is accompanied by supporting affidavits comprehensively detailing the factual allegations which are the basis for the claim that petitioner's guilty plea was not properly voluntary.