Anthony CALABRO,
Petitioner-Appellant,

v.

UNITED STATES BOARD OF PAROLE et al.,
Respondents-Appellees.

No. 75–3035
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 31, 1975.
Rehearing and Rehearing En Banc Denied Feb. 17, 1976.

---

* Rule 18, 5 Cir.; See *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Anthony Calabro, pro se.

John W. Stokes, U. S. Atty., Richard A. Horder, Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

The district court dismissed without hearing Calabro's petition for writ of habeas corpus, which sought review of the denial of parole to the petitioner by the United States Board of Parole.

■ The Board of Parole has broad discretion in considering parole applications. Judicial review of denial of parole by it is permissible only upon allegations of facts, sufficient if proved, to establish that the Board's action was arbitrary, capricious, or an abuse of discretion. See *Buchanan v. Clark*, 5 Cir. 1971, 446 F.2d 1379, cert. denied, 1971, 404 U.S. 979, 92 S.Ct. 347, 30 L.Ed.2d 294; *Tarlton v. Clark*, 5 Cir. 1971, 441 F.2d 384, cert. denied, 1971, 403 U.S. 934, 91 S.Ct. 2263, 29 L.Ed.2d 713; *Thompkins v. United States Board of Parole*, 5 Cir. 1970, 427 F.2d 222.

■ The petition alleged that a progress report prepared for Board consideration by Calabro's caseworker contained "numerous factual errors that if uncorrected would only serve to prejudice him before the Parole Board", and that he was required to sign the report before being permitted to examine it, too late to correct its misstatements of fact. But the petition further alleged that Calabro prepared his own report in the form of a "Prepared Statement In Support of Anthony Calabro's Application for Parole" and that "when the petitioner did appear before the January Board he served the members with copies of his prepared statement and he read the same into the record". It thus appears from the face of the petition that opportunity was given at the parole hearing for petitioner to object fully to his Progress Report. The Board's January 1975 denial was "set off for one year", meaning that the application would be reconsidered in January 1976. At the time of the parole application Calabro had served 45–46 months of a 12 year sentence for conspiracy and sale of heroin.

■ It appears from the Board's written assigned reasons for denying parole that full consideration was given by the Board to all pertinent factors, including a past history reflecting "family instability and an extensive property-type criminal record [1] with four previous commitments and two previous parole violations".

An abuse of discretion on the part of the Parole Board was not remotely possible of demonstration upon the petition and record before the district court. No error was committed when the habeas petition was dismissed. *Buchanan*, supra; *Tarlton*, supra; *Thompkins*, supra.

Affirmed.

1. Consisting of convictions for (1) assault and robbery, (2) attempted robbery, (3) assault, robbery and escape, and (4) burglary and possession of burglary tools.