Richard William PAYNE, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 76–2378

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 23, 1976.

Rehearing and Rehearing En Banc Denied Oct. 19, 1976.

---

\* Rule 18, 5 Cir.; see, *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Richard William Payne, pro se.

Michael P. Carnes, U. S. Atty., Gerhard Kleinschmidt, Asst. U. S. Atty., Fort Worth, Tex., for respondent-appellee.

Before GEE, TJOFLAT and HILL, Circuit Judges.

PER CURIAM:

In the district court the appellant challenged the action of the United States Board of Parole in denying him parole. He also claimed that the sentencing court considered erroneous FBI records in determining sentence. The district court denied relief and we affirm.

While appellant was serving a three year sentence for tax fraud, he was convicted on nine (9) counts of mail fraud. On January 2, 1973, he was sentenced to consecutive five (5) year terms on counts one and two, sentence on the remaining counts suspended in favor of a five (5) year probationary periods to run consecutively to the prison term. This Court affirmed on counts one through six, but reversed as to counts seven through nine. *United States v. Green*, 494 F.2d 820 (5th Cir.), *cert. denied*, 419 U.S. 1004, 95 S.Ct. 325, 42 L.Ed.2d 280 (1974). On appellant's timely motion to reduce sentence, the district court amended the sentence to run with the tax fraud term. This Court affirmed in *United States v. Payne*, 520 F.2d 942 (5th Cir. 1975).

On April 11, 1975, the appellant appeared before the parole board and received a one year set-off. After exhausting his administrative remedies, he filed a habeas corpus petition in the district court claiming that the board's guidelines subject him to double jeopardy and discriminate against him because he does not have a spouse and children. He also complained that the board rated his offense as "very high" instead of "moderate."[1] These challenges to the factors employed by the board are foreclosed by this Court's opinions in *Bistram v. United States Parole Board*, 535 F.2d 329 (5th Cir. 1976); *Brown v. Lundgren*, 528 F.2d 1050 (5th Cir. 1976), and *Calabro v. United States Board of Parole*, 525 F.2d 660 (5th Cir. 1975).

Appellant next claims that in denying parole, the board was cooperating with the prosecuting attorney who threatened to

1. It appears from the record in this case that appellant was incarcerated in Texarkana, Texas, at the time that he filed this suit, even though his parole hearing was held in Leaven-worth, Kansas. The jurisdiction of the district court to consider these issues was never challenged.

prevent his release on parole. The claim is conclusory and not supported by factual allegations. Therefore, it will not be considered. *Cunningham v. Estelle,* 536 F.2d 82 (5th Cir. 1976); *Hayes v. United States,* 399 F.2d 691 (5th Cir. 1968). Furthermore, the claim is similar to that presented and rejected in the prior motion to reduce sentence. *See United States v. Payne, supra.*

■ Finally, appellant contends that the sentencing court considered an inaccurate and incomplete FBI "rap sheet" when determining sentence. However, he did not allege that the records included erroneous or invalid convictions. This allegation is frivolous. Finding no error in the district court, we affirm the judgment below.

■ We take this opportunity, however, to call attention to a prevalent error in interpreting the Civil Rules of Procedure relative to the granting or denying of a certificate of probable cause where one is *not* required. Rule 24(a) of the Federal Rules of Appellate Procedure provides in part that a party who has been permitted to proceed in the district court as a pauper may proceed on appeal as a pauper without further authorization *unless* the district court shall certify that the appeal is not taken in good faith. *See also* 28 U.S.C.A. § 1915(a). Title 28 U.S.C.A. § 2253 and Rule 22(b) of the Federal Rules of Appellate Procedure require that an applicant for a writ of habeas corpus, where the detention complained of arises out of process issued by a state court, may not appeal unless a district or a circuit judge issues a certificate of probable cause. In this case, the appellant is complaining of *federal* detention; therefore, a certificate of probable cause is not required to appeal.

■ The district court, upon receipt of appellant's notice of appeal, denied a certificate of probable cause stating that "[t]he absence of substantial issues for review renders an appeal frivolous." The question has arisen whether in cases such as this the district court actually intended to deny leave to appeal *in forma pauperis.* This Court is constrained from interpreting a denial of a certificate of probable cause as a denial of leave to appeal *in forma pauperis,* however frivolous or lacking in good faith the appeal may be. Such was the case in this present appeal. We would remind our brethren on the trial courts to observe the distinctions set out in the above statutes and rules so that we may better understand their precise intentions. Failure to adhere closely to these rules invites remand for clarification and, thus, a waste of precious judicial time.