**Ernest W. SHAHID, Jr., Petitioner,**

v.

**Curtis C. CRAWFORD, etc., et al., Respondents.**

Civ. A. No. 76–362–N.

United States District Court,
M. D. Alabama, N. D.

April 6, 1977.

Alfred R. Roach, Jr., Smith, Harman, Asbill, Roach & Nellis, Atlanta, Ga., Robert D. Segall, Hobbs, Copeland, Franco & Screws, Montgomery, Ala., for petitioner.

Ira DeMent, U. S. Atty., Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., Glenda G. Gordon, Atty., U. S. Dept. of Justice, Washington, D. C., for respondents.

## MEMORANDUM OPINION AND ORDER

VARNER, District Judge.

The Petitioner is presently, and was at the time he filed his petition for writ of habeas corpus, incarcerated as a federal prisoner at the Federal Penal Institution, Maxwell Air Force Base, Alabama. The material facts are not at issue. Upon pleas of guilty, he was convicted and sentenced on February 20, 1975, in the United States District Court for the Northern District of Florida for the offenses of possession of cocaine and using a telephone communication to cause or facilitate the distribution of a quantity of cocaine. He received one-year and four-year consecutive 18 U.S.C. § 4208(a)(2) [hereinafter called (b)(2)] sentences. Although the petition is heavily burdened with allegations surrounding proceedings in the sentencing court not cognizable in this Court, the Petitioner's main thrust is against the actions of the United States Parole Commission in denying Petitioner's parole.

The warden of the incarcerating institution is named as a Respondent, and this proceeding will be construed as a petition for writ of habeas corpus.

Upon entry into the federal penal system, Petitioner was first assigned to Eglin Air Force Base, Florida. He was shortly transferred thereafter to the Federal Correctional Institution at Texarkana, Texas. Here he filed his first application for parole, had his initial appearance, and was continued to

one-third of his sentence. The Board's[1] notice on September 22, 1975, contained the following action and reasons therefor:

"Continue with institutional review hearing after service of one-third sentence. * * * Your offense behavior has been rated as very high severity. You have a salient factor score of seven. You have been in custody a total of eleven months. Guidelines established by the Board for adult cases which consider the above factors indicate a range of 36–45 months to be served before release for cases with good institutional program performance and adjustment. After careful consideration of all relevant factors and information presented, it is found that a decision above or below the guidelines at this consideration does not appear warranted."

In November, 1975, Petitioner was transferred from Texarkana to the institution at Maxwell Air Force Base, Alabama, within the jurisdiction of this Court. At Maxwell, on May 19, 1976, before expiration of one-third of his sentence, Petitioner had another hearing before two parole board examiners. These examiners split whether to go outside the Board's established guidelines in Petitioner's case, one maintaining that, considering Petitioner's outstanding institutional record, a decision below the guidelines was warranted. The other examiner's vote was to the contrary. This tie was submitted to the regional office where the appropriate administrative hearing examiner[2] voted not to go outside the guidelines, and Petitioner was continued for an institutional review in September, 1977. The same reasons, *supra,* were given, changed only by the total months in custody. This decision stood up on all administrative appeals. Accordingly, Petitioner has exhausted his administrative remedies, and Respondents do not contend otherwise.

This Court has jurisdiction under 28 U.S.C. § 2241. The Petitioner and his immediate custodian are located in the Middle Judicial District of Alabama.

Petitioner asserts and Respondents deny that the actions of the United States Parole Commission in denying Petitioner's application for a parole was a violation of the statutory laws of the United States or an abuse of the discretion given to the Parole Commission.

The Parole Commission has denied Petitioner parole solely based on reasons which appear to be the same factors which were apparently considered by the trial judge at the time he imposed maximum consecutive sentences for the two related offenses charged. Nonetheless, he imposed this sentence pursuant to what is now 18 U.S.C. § 4205(b)(2), allowing early parole. Petitioner's institutional conduct has been classified as exemplary and outstanding, and staffs of the institutions where he has been confined recommend him for parole.

The law of this circuit pertaining to actions by federal prisoners who have differences with the parole system appears to be clearly reflected in the case of *Brown v. Lundgren,* 528 F.2d 1050 (5th Cir. 1976), followed by *Payne v. United States,* 539 F.2d 443 (5th Cir. 1976).

*Brown* holds that the mere expectation of parole, while a prisoner is still in otherwise lawful custody, is not so vested as to result in "grievous loss" if denied parole, and the violation of procedures employed by the United States Board of Parole would not be considered as a constitutional due process claim. A federal prisoner has no right to release on parole. A prisoner in federal custody though, where there is an absence of a constitutional claim, does not lose a right to review by habeas corpus a denial of his parole if such denial causes his custody to be in violation of the statutory laws of the United States. *Brown, supra.* Absent flagrant, unwarranted or unauthorized action, the Parole Board's actions are not subject to judicial review. *United States of America v. Norton,* 539 F.2d 1082 (5th Cir. 1976); *Calabro v. United States Board of Parole,* 525 F.2d 660 (5th Cir.

---

1. Now United States Parole Commission, Public Law 94–233, 18 U.S.C. § 4202.

2. 28 C.F.R. 2.23(b).

1975). The merits of a decision whether to allow parole to a prisoner is subject to review by federal court only where the decision is alleged to be so arbitrary and capricious as to be beyond discretion of the United States Board of Parole or contrary to law. *Brown, supra.*

Respondents agree that Petitioner may by way of writ of habeas corpus have the narrow judicial review pronounced in these cases. Accordingly, such an examination is necessary here.

Petitioner contends that certain laws of the United States were violated in his case in that (1) he was not given adequate and particular reasons for the denial of his parole and (2) his crime was placed in a "very high" severity level in violation of the rules and regulations of the Parole Commission. Petitioner further contends that the Commission's actions were arbitrary and capricious in the following respects: (1) They failed to adhere to the legislative intent of a "(b)(2) sentence"; (2) they failed to provide Petitioner's legal representative with requested material pertinent to an administrative appeal; (3) they failed to give proper recognition to Petitioner's institutional record; (4) they improperly based Petitioner's parole denial on arbitrary conclusions; and (5) they improperly used parole authority to solicit information from Petitioner.

While the Commission's exercise of discretion to deny parole may be reviewed by a federal court only when so arbitrary and capricious as to abuse its discretion, it would seem that, where a prisoner asserts the failure of the Commission to comply with a statute or its own guidelines, the issues are difficult to distinguish from and are governed by the same law as a direct review of the Commission's decision.

*Brown v. Lundgren,* supra, at 1053. For habeas corpus to lie to correct such abuse of discretion, there must be a sufficient nexus between the allegedly illegal action and the question regarding the legality of the custody. *Brown,* supra. A prisoner has no legal right to release on parole, but he does have a right to have the Commission comply with the law and its rules in denying him parole. Habeas corpus is available to a prisoner who has been denied release for false, insufficient or capricious reasons or if no reasons are given him, *McGee v. Aaron,* (7th Cir. 1975) 523 F.2d 825, or if denial is in violation of the laws of the United States, including federal regulations to which the Commission is subject, *Brown,* supra, or if the Commission's denial of parole was arbitrary, capricious or an abuse of discretion, *Calabro,* supra, habeas corpus is available to protect the inmate.

This Court is of the opinion that the substantial questions made by Petitioner are the following:

1. Whether, in denying a parole of an inmate serving a (b)(2) sentence, the Parole Commission is required, by the requirement that they give their reasons for denial of parole, to show their consideration of the (b)(2) provision of the sentence and a reason for denial of parole other than those considered by the trial court in fixing sentence.

2. Whether the Commission abuses its discretion by denying parole to a (b)(2) inmate based solely on factors considered by the trial judge at imposition of sentence when all factors since the sentence favor parole.

There may also be some merit in Petitioner's assertion that the Commission arbitrarily classified his offense severity[3] as "very high" in light of the fact that Congress

---

**3.** The Parole Commission has placed Petitioner's offenses (total of five years) in a "very high" severity category along with armed robbery and rape carrying maximum sentences of 15 or more years. The Commission has authority, 20 C.F.R. § 2.20, to increase severity level for multiple crimes; but they have not done so in this case as they did not show it in the notice of action. While the Commission may use this standard, its attorneys may not

after-the-fact justify a severity category with a standard which the Commission could have but did not use. *Robinson v. Board of Parole* (D.C. N.Y.1975) 403 F.Supp. 638. The Commission had good moral reason to mitigate the severity for multiple crimes category since the two crimes currently being served evolved from the same illegal circumstances and since the trial judge imposed maximum sentences for each offense.

provided maximum sentences for each of the related offenses of four years, 21 U.S.C. § 843(b), and one year, 21 U.S.C. § 844(a), respectively. See *Brown,* supra, at 1055; *Grattan v. Sigler* (9th Cir. 1975) 525 F.2d 329, 331; *Billiteri v. United States Board of Parole* (D.C.N.Y.1975) 400 F.Supp. 402.

Other arguments of Petitioner fail in the eyes of this Court because no nexus is shown between the allegedly illegal action and the legality of custody or because of the narrow scope of review allowable in this cause.

█ It is clear from a reading of *Childs v. United States Board of Parole,* 167 U.S. App.D.C. 268, 511 F.2d 1270, and cases cited therein, that reasons for denial of parole must be given to the prisoner and that this duty arises from the basis of the rehabilitation process. 18 U.S.C. § 4206, now requires that:

"If parole is denied such notice shall state with particularity the reasons for such denial." See also 20 C.F.R. § 2.13.

For an example of a sufficient statement of reasons for denial of parole see *McGee v. Aaron,* supra; *deVyver v. Warden,* 388 F.Supp. 1213, 1218.

█ A determination of whether the Commission abused its discretion involves a consideration of pertinent statutes and regulations as well as the circumstances of the case.

Congress initially provided that an inmate shall be eligible for release on parole at the discretion of the United States Parole Commission after serving one-third of his sentence. 18 U.S.C. § 4205(a). Later, Congress provided that the trial judge might favor a promising defendant by providing, pursuant to § 4205(b)(1), that he be eligible for parole after service of a designated time less than one-third of his sentence. An even more promising defendant might be sentenced under the provisions of § 4205(b)(2) by which the Court could provide that the defendant may be released on parole at such time as the Commission might determine. The statutory authorization of (b)(1) or (b)(2) sentences is indicative

of the fact that Congress contemplated that the trial judge should on occasion expand the discretion of the Parole Commission to allow early paroles in promising cases.

The (b)(2) sentence contemplates that the trial judge will give the Parole Commission the fullest discretion to parole the prisoner at any time after he commences to serve his sentence, but it also contemplates that the Court has considered in sentencing every aspect available at the time of the sentence and that the trial judge believes that the prisoner should be released in less than one-third of his sentence if the circumstances existing after the time of sentencing demonstrate that the "(1) release would not depreciate the seriousness of his offense or promote disrespect for the law; and (2) that release would not jeopardize the public welfare." 18 U.S.C. § 4206.

█ Section 4206 does not proscribe the Commission's reconsidering the factors considered by the trial judge in determining the sentence. Indeed, § 4206(a) provides that the Commission shall consider "(T)he nature and circumstances of the offense and the history and characteristics of the prisoner." In *McGee v. Aaron,* supra, the Court held that, although the sentencing court knew of defendant's prior convictions and still sentenced him under the (b)(2) subsection, the Parole Commission could still consider the prior convictions as they might bear on the propriety of a parole. Nonetheless, the trial judge, having an opportunity to face and weigh the testimony of witnesses at the trial, should be best able to judge factors relevant to the sentence at the time thereof, but the Parole Commission, having the opportunity to confer with and study the record of the prisoner, is far better able to weigh the factors occurring after the sentence relative to whether release would depreciate the seriousness of the offense, promote disrespect for the law or jeopardize the public welfare.

█ The trial judge in pronouncing a (b)(2) sentence contemplates that the Parole Commission will weigh heavily the institutional record of the inmate and, if that record is favorable, will carefully consider

parole within the first third of the sentence. Certainly Judge Arnow agreed (as indicated by his having sentenced Petitioner to two maximum sentences to run consecutively) that maximum institutionalization might be necessary for Petitioner. Nonetheless, the (b)(2) classification indicated that Petitioner's institutional behavior should be considered, and if his institutional record were good, he should be considered for an early parole. Petitioner was given one and four-year sentences, the maximum for each offense, but it is argued that the fact of the (b)(2) sentence and the comments of Judge Arnow that he contemplated that subject would be paroled when he demonstrated reliability, etc., indicated that the Judge contemplated a parole—not pursuant to the guidelines—not after subject had served one-third of his sentence—but when he, by his conduct, demonstrated his reliability. This is argued to be the purpose of a (b)(2) sentence—to allow the Parole Commission discretion to parole early if the inmate appears to have earned it or to require the full measure of the sentence if the inmate does not demonstrate his reliability.

■ The congressional purpose in adopting § 4205(b)(2) was to permit a Court to impose a substantial sentence and thereafter to provide that it might be substantially mitigated by parole before one-third of the sentence is served if subsequent circumstances in the light of all pertinent factors, appear to warrant it. See *Dolack v. United States* (D.C.Haw., 1963) 217 F.Supp. 617; *United States ex rel. Demarois v. Farrel* (8th Cir. 1937) 87 F.2d 957, mot. den. 302 U.S. 83, 58 S.Ct. 31, 82 L.Ed. 527, reh. den. 302 U.S. 775, 58 S.Ct. 135, 82 L.Ed. 600.

The record in this case does not disclose that the Commission, in deciding to deny parole, has considered any factor which has arisen since the inmate was sentenced. It does not indicate that the Commission considered that the trial judge entered a (b)(2) sentence or that they considered staff recommendation from institutions where Petitioner was confined. The reasons given in May, 1976, for continuation of institutionalization are the following:

"Your offense behavior has been rated as very high severity. You have a salient factor score of 7. You have been in custody a total of 20 months. Guidelines established by the Commission for adult cases which consider the above factors indicate a range of 36–45 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted."

Since a panel of two members was unable to agree upon a tentative decision, the matter was referred to an Administrative Hearing Examiner who made the following comment: "Subject violated his state parole by committing instant offense—had good resources then too—I vote to not go under g/ls" (guidelines). Based on this comment, the Regional Director denied relief with the following comment: "He is a little old for this type of conduct—has never matured—good old daddy will take care of."

These reasons were all available to the trial judge who must have considered nearly all of them in imposing two maximum sentences. They were reasons for sentence but do little to accommodate the Congressional purpose in requiring that reasons be given for denial of parole. See *Childs v. United States Board of Parole,* supra:

"A reasons requirement 'promotes thought by the decider', and compels him 'to cover the relevant points' and 'eschew irrelevancies'.

"(A) reasons requirement can serve the important function of promoting rehabilitation by relieving inmates' frustrations and letting them know how they might, by improving their prison behavior or * * *, ·better their chances for release.

"Giving reasons for denying parole is desirable for both rehabilitational and legal reasons. A prisoner may feel less resentful of a negative decision if he knows of the reasons for it, and in planning his activities in the institution he ought to understand clearly what will help him to obtain an early parole. When the nature

of his crime is such that early parole is not likely in any event, he should be protected from unrealistic hopes that can only lead to disappointment and bitterness." 167 U.S.App.D.C. at 281, 511 F.2d at 1282.

If this were the intent of the Commission, perhaps its statement of reasons may have been sufficient.

Implicit in a (b)(2) sentence is the trial judge's suggestion that the prisoner has promise which, should he recognize and shoulder his responsibilities, should be encouraged by an early parole, but that, should he indicate by his post-sentence conduct that he is not ready to accept responsibility and respect legal authority, his incarceration should be continued within the limits of the sentence until the Parole Commission is willing in its discretion to parole him in the light of the tests set out in § 4206(a).

 If the Parole Commission disregards the suggestion implied by a (b)(2) sentence, the purpose of Congress is thwarted, and the trial judges will lose faith in the use of the (b)(2) sentence and will, by giving a lesser sentence so as to assure an earlier release, strip the Parole Commission of considerable discretion which Congress and the trial judges have hoped to vest in the Commission. That discretion is best vested in the Commission because they have a better opportunity to consider the most current aspects of the prisoner's behavior and because of their expertise in the field. In the opinion of this Court, the discretion of the Parole Commission is not unbridled. A refusal to consider the recommendation suggested by a (b)(2) sentence and the recommendations of the staffs of concerned institutions is, in the opinion of this Court, a blind abrogation of duties and rights vested in the Commission by law[4] and the sentencing court. This would, in this Court's opinion, constitute

proof that they acted capriciously and in violation of law. In the opinion of this Court, the reasons given for denial of parole—salient factor, offense severity, guidelines, and "all relevant factors and information presented"—do not indicate a consideration of the information required to be considered by 18 U.S.C. § 4207(1), (4) and (5), do not conform to the requirement of 18 U.S.C. § 4206(b) that notice of denial of parole "shall state *with particularity* the reasons" for such denial (emphasis added), and do not comply with the requirement of § 4206(c) that the Commission give "reasons for its determination, including a *summary of the information relied upon*" (emphasis added). The term "all relevant factors and information presented" has no meaning in view of the statutory requirement of specificity.

 However, this Court is reluctant, upon the evidence before it, to find that the Commission has not considered these matters and other matters in exercising its discretion or that there is a sufficient nexus between the Commission's illegal action, if any, and the question of legality of confinement. While the Commission has mentioned in its reasons given for denial of parole only matters which were before the trial judge at the time of sentence, they may additionally have considered and failed to list factors which neutralized the judicial and staff recommendations. The law does not require a listing of every item considered in making the parole determination—only the reasons for denial and a "summary of the information relied upon". It would appear that, on balance of post-sentence pertinent reasons which support continuation of incarceration with post-sentence factors indicating the desirability of parole, the Commission may, without abusing its discretion and without doing violence to the purpose of a (b)(2) sentence,

4. Congress requires that the Parole Commission, in making a parole determination, "shall consider, if available and relevant: (1) reports and recommendations which the staff of the facility in which such prisoner is confined may make; * * * (4) recommendations regarding the prisoner's parole made at the time of sentencing by the sentencing judge; and (5) reports of physical mental, or psychiatric examination of the offender." 18 U.S.C. § 4207. There is no indication that any one of the three above-quoted factors was considered by the Parole Commission in Petitioner's case.

deny parole upon stated reasons which consist solely of factors in existence at the time of imposition of sentence, but if no reason for denial of parole occurs subsequent to imposition of the (b)(2) sentence and if the institutional record and the inmate's physical, mental and psychiatric condition indicate the desirability of parole, this Court is of the opinion that the Parole Commission would abuse its discretion by indefinitely continuing to apply the strict guidelines based on pre-sentence factors in determining when to parole. At what point in the sentence the Commission would abuse its discretion in not granting a parole would depend upon the circumstances of the particular case. Congress intended that inmates sentenced under (b)(2) be bona fidely considered for parole at a date earlier than the one-third point. *Garafola v. Benson* (7th Cir.) 505 F.2d 1212. Guidelines to the contrary must yield to the provisions of law.

The Commission should have an opportunity to reconsider the Petitioner's parole application in the light of the considerations herein expressed. This Court will not substitute its judgment for the more current judgment of the Parole Commission, *Manos v. United States Board of Parole* (D.C.Pa.1975) 399 F.Supp. 1103; *Brest v. Ciccone* (8th Cir. 1967) 371 F.2d 981, nor will this Court order the granting of a parole. That function lies with the Parole Commission, *Thompkins v. United States Board of Parole* (5th Cir. 1970) 427 F.2d 222, 223; *Tarlton v. Clark* (5th Cir. 1971) 441 F.2d 384, 385, but "flagrant, unwarranted, or unauthorized action" by the Parole Board is subject to judicial review, and this Court must then fashion such relief as may be appropriate, if any. *Scarpa v. United States* (5th Cir. 1973) 477 F.2d 278; *United States v. Norton,* supra. A writ of habeas corpus will issue unless the Parole Commission, within 60 days of this date, takes steps to parole the Petitioner or show this Court good cause why it should not do so. Nothing herein shall be construed to proscribe or limit usual procedures preliminary to parole which are customarily applied and which may bona fidely be applied toward release of this Petitioner. Accordingly, it is

ORDERED, ADJUDGED and DECREED by this Court that the writ of habeas corpus issue 60 days from the date of this order, directing Respondents to release Petitioner from custody unless this Court within that time, upon institution of parole procedures of Petitioner or upon a showing why he should not be paroled, orders otherwise.