**Herbert J. O'BRIEN,
Petitioner-Appellant,**

v.

**L. R. PUTNAM, Respondent-Appellee.**

**No. 78–1313.**

United States Court of Appeals,
Ninth Circuit.

Jan. 31, 1979.
Rehearing Denied March 12, 1979.

James K. Sells (argued), of Walgren, Sexton & McClusky, Bremerton, Wash., for petitioner-appellant.

John C. Merkel, U. S. Atty., Seattle, Wash., Charles Pinnell, Asst. U. S. Atty.

(argued), Seattle, Wash., for respondent-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and GRANT *, District Judge.

CHOY, Circuit Judge:

Herbert J. O'Brien appeals from the district court's approval of a United States magistrate's recommendation that O'Brien be denied habeas relief. We affirm.

I. *Statement of the Case*

O'Brien was charged in a three-count indictment with conspiracy to import cocaine along with two substantive counts of aiding and abetting the importation of cocaine. O'Brien entered a guilty plea to one of the substantive counts; the other two counts were dismissed. On April 18, 1975, the district court sentenced O'Brien to ten years imprisonment and on October 24, 1975, designated the sentence as being imposed pursuant to 18 U.S.C. § 4208(a)(2).[1] While incarcerated, O'Brien was again convicted of importing cocaine in transactions arising from his earlier involvement in the conspiracy; his new sentence was made concurrent with the former sentence.

After O'Brien had served eight months, his case came before the United States Parole Commission [formerly the Parole Board]. The Commission set the hearing to determine O'Brien's parole eligibility for the date at which he will have served one-third of his sentence, even though the Commission's own guidelines provide that generally parole should be granted before the prisoner has served one-third of his term. While acknowledging that O'Brien had a

---

* The Honorable Robert A. Grant, Senior United States District Judge for the Northern District of Indiana, sitting by designation.

1. 18 U.S.C. § 4208(a)(2) was reenacted in slightly altered form as 18 U.S.C. § 4205(b)(2) in the Parole Commission and Reorganization Act of 1976, Pub.L.No.94–233, 90 Stat. 222. The current version reads:

Upon entering a judgment of conviction, the court having jurisdiction to impose sentence . . . may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be released on parole at such time as the Commission may determine.

good institutional program performance and adjustment, the Commission wrote:

> After review of all relevant factors and information presented, it is found that a decision at this consideration above the guidelines appears warranted because the offense [for which O'Brien was convicted] was part of a large scale and on-going criminal enterprise.

O'Brien then petitioned for habeas relief. He claims that the Commission disregarded its own regulations by considering the severity of the offense in reaching its decision and by continuing his parole hearing until the one-third point of his sentence. He also claims that the district court's denial of habeas corpus should be reversed because the district court relied upon the magistrate's recommendations which were allegedly based upon an incorrect factual assumption.

## II. *Consideration of the Severity of the Offense*

 Contrary to O'Brien's assertion, the Parole Commission's regulations expressly provide that the Commission may consider the offense for which a prisoner was convicted in exercising its discretion in parole decisions. 28 C.F.R. § 2.18; 40 Fed. Reg. 41327, 41333 (1975).[2] No doubt the Commission should consider other relevant factors in reaching its decision, as its regu-

---

2. Because the regulations in effect at the time of O'Brien's sentencing are substantially the same as the regulations in effect at the present time, we need not determine which regulations the Commission should properly consider were there a conflict.

3. O'Brien cites *Addonizio v. Whelan*, 573 F.2d 147 (3rd Cir. 1978). There the court concluded that it was unfair for the Parole Commission to deny parole based on the severity of the offense when the sentencing judge had made explicit his expectation that only post-sentencing factors would be considered in the parole decision in accordance with then-existing regulations. The court found that it would frustrate the expectations of the sentencing judge to allow the Commission to consider the severity of the offense under regulations adopted subsequent to sentencing. By contrast, in the instant case the applicable regulations at the time of sentencing specified that the Commission could

---

lations acknowledge. 28 C.F.R. §§ 2.18, 2.19; 40 Fed.Reg. 41327, 41333 (1975).[3] But the courts should not override the Commission's judgment unless the Commission has abused its discretion. *See Dye v. United States Parole Commission*, 558 F.2d 1376, 1378 (10th Cir. 1977); *Billiteri v. United States Board of Parole*, 541 F.2d 938, 943–44 (2d Cir. 1976); *Brown v. Lundgren*, 528 F.2d 1050, 1054 (5th Cir.), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976); *cf. Andrino v. United States Board of Parole*, 550 F.2d 519, 520 n. 3 (9th Cir. 1977). We cannot say that the Commission abused its discretion in this case.

## III. *Postponing Hearing until Serving of One-Third of Sentence*

 O'Brien contends that the Commission's own guidelines specify that parole should generally be granted for his type of offense within 26 to 36 months of incarceration. He argues that because the Commission has postponed his parole hearing until he will have served one-third of his term equaling 40 months, he cannot possibly be released within the guideline period. O'Brien therefore concludes that the Commission has acted contrary to its own regulations.

The regulations, however, explicitly note: These time ranges are merely guidelines. Where the circumstances warrant, deci-

---

consider severity of the offense. 28 C.F.R. § 2.19(b), 40 Fed.Reg. 41327, 41333 (1975).

O'Brien also refers to *Edwards v. United States*, 574 F.2d 937, 945 (8th Cir. 1978) and *Shahid v. Crawford*, 430 F.Supp. 126 (M.D.Ala. 1977). Those decisions held that the Parole Commission had a statutory obligation to consider carefully an application for parole and should take into account factors occurring after sentencing in reaching its decision. But the courts did not reject consideration of the severity of the offense. Indeed, the *Shahid* court explicitly stated that within limits, "the Commission may, without abusing its discretion and without doing violence to the purpose of a (b)(2) sentence, deny parole upon stated reasons which consist solely of factors in existence at the time of imposition of sentence . . . ." 430 F.Supp. at 133–34. We conclude that here the Commission acted within that discretion.

sions outside of the guidelines (either above or below) may be rendered. 28 C.F.R. § 2.20(c); 40 Fed.Reg. 41327, 41333 (1975). Further, the regulations specify that the guidelines are based in part on a severity rating for the offense which may be varied in cases involving "especially mitigating or aggravating circumstances." 28 C.F.R. § 2.20(d); 40 Fed.Reg. 41327, 41333 (1975). We hold that the Commission did not abuse its discretion in applying its regulations to postpone O'Brien's hearing until the one-third point of his term. *Cf. Edwards v. United States*, 574 F.2d 937, 945 (8th Cir. 1978).[4]

IV. *Alleged Error in Magistrate's Recommendation*

■ O'Brien lastly asserts that the magistrate made his recommendation, later adopted by the district court, based on the assumption that the Commission would hold its hearing within the period of one-third of the sentence though the Commission actually set the date for the one-third point. We need not determine if the magistrate labored under any such misconception. Having carefully considered the record as a whole, we conclude that the district court's decision would not have been different whether the magistrate viewed the Commission's hearing date as within the one-third period or at the one-third point.

AFFIRMED.

---

4. O'Brien relies upon *Edwards v. United States*, 574 F.2d 937 (8th Cir. 1978), and *Garafola v. Benson*, 505 F.2d 1212 (7th Cir. 1974). Those decisions held that the Parole Commission in effect disregards its statutory mandate to consider seriously parole applications under § 4208(a)(2) and § 4205(b)(2) "at or before the one-third point in [the] sentence," 574 F.2d at 945, when the Commission postpones consideration to a date well beyond the one-third point. In the present case, however, the Commission has set the hearing for the one-third point. The Commission's decision thus does not deprive O'Brien of serious consideration of his application.