988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leif D. SODERLING; Jay S. Soderling, Petitioners-Appellants,
v.
Joseph H. CRABTREE, Warden, F.C.I., Sheridan, et al.,
Respondents-Appellees.
 No. 92-35609.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States District Court for the District of Oregon; No. CV-91-1349-REJ-(GEJ), Robert C. Jones, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leif and Jay Soderling, federal prisoners, appeal pro se the district court's denial of their 28 U.S.C. § 2241 habeas petition challenging the Parole Commission's (Commission's) decision to change their parole dates. The Soderlings contend that the Commission erred by reopening their parole determinations under 28 C.F.R. § 2.28(f) based on "new and significant adverse information" because the information in question was not "new."
 
 
 3
 We review de novo the district court's decision on a habeas petition. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 4
 The Soderlings contend that the information used to justify reopening their cases is not "new and significant adverse information" within the meaning of 28 C.F.R. § 2.28(f), and thus cannot be used to change their parole dates.[1] Specifically, they argue that the information is not "new information" because it merely restates information which the Commission had before it when it set the initial parole dates. We disagree.
 
 
 5
 As a general rule, the substance of the Commission's parole decisions are not reviewable, even for abuse of discretion. See Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc). Judicial review of parole determinations is permitted in cases in which the Commission has violated the Constitution or acted outside its statutory limits. Rizzo v. Armstrong, 921 F.2d 855, 858 (9th Cir.1990); Coleman v. Perrill, 845 F.2d 876, 878 (9th Cir.1988).
 
 
 6
 The Commission's accepted interpretation of "new information" as used in section 2.28(f) is " 'information not considered by the Commission although it was in existence at the time of decision.' " Torres-Macias v. United States Parole Comm'n, 730 F.2d 1214, 1216 (9th Cir.1984) (citations omitted). We have previously ruled that the Commission's interpretation is not clearly erroneous or inconsistent with section 2.28(f). See id.
 
 
 7
 Leif and Jay Soderling pleaded guilty to bank fraud in 1987. They were sentenced to five years and two years respectively and ordered to serve six months on each count consecutively, with the execution of the remainder of the sentence suspended. They were placed on probation for five years on each count. As a condition of the Soderlings' probation, a temporary restraining order (TRO) was issued restricting the disposition of their assets and limiting their family expenses to $2500 per month. Additionally, the Soderlings were required to pay approximately $6,000,000 in restitution to the FDIC.
 
 
 8
 The Soderlings violated these conditions and the TRO by spending hundreds of thousands of dollars on personal expenses from assets that should have been used for restitution. The court found them in contempt of court and their probation was revoked. The original parole determinations were based on an offense severity level of category three because the Soderlings "committed contempt of court while on probation."
 
 
 9
 The information used to justify reopening the Soderlings' cases was contained in two letters from the U.S. Attorney and the FDIC respectively. These letters complained that the Commission miscalculated the offense severity level (at category three) by treating the probation violation as nothing more than a severe contempt of court, without taking into account that the contempt involved fraud in attempting to prevent recovery by the FDIC of approximately $800,000 in defiance of the TRO.
 
 
 10
 The Commission's interpretation of "new information" as information not considered at the time of the parole decision is within its statutory limits and is therefore, unreviewable. See id.; Wallace, 802 F.2d at 1551. Accordingly, the district court did not err in denying the Soderlings' habeas petition.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "28 C.F.R. § 2.28(f) authorizes the Commission to reopen a case '[u]pon receipt of new and significant adverse information.' " McQuerry v. United States Parole Comm'n, 961 F.2d 842, 847 (9th Cir.1992)
 
 
 [2]
 In district court the Soderlings also apparently argued that the Commission abused its discretion by changing their offense severity levels from category three to category five on the basis of new information. The severity level is category five if the probation revocation conduct involved fraud between $200,000 and $1,000,000
 The Soderlings have not raised this argument in their opening brief, and thus it is deemed waived. See In re Riverside-Linden Inv. Co., 945 F.2d 320, 324-25 (9th Cir.1991).
 Further, as the district court indicated, this issue is not reviewable. "[A] bare allegation that the Commission has abused its discretion acknowledges that the Commission has exercised a judgment, if improperly, within its discretion. Congress has specifically withdrawn such cases from our jurisdiction." Wallace, 802 F.2d at 1551.