21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hipolito RIVERA-RAMIREZ, Petitioner-Appellant,
v.
UNITED STATES PAROLE BOARD, Respondent-Appellee.
 No. 93-55888.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 25, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hipolito Rivera-Ramirez, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2241 petition for a writ of habeas corpus, challenging the United States Parole Commission's (Commission) decision to continue Rivera-Ramirez's incarceration until the expiration of his sentence. Rivera-Ramirez was convicted of conspiracy and possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 846 and 841(a)(1), and sentenced to 30 years imprisonment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.[1]
 
 
 3
 Rivera-Ramirez contends that the information in the presentence report characterizing him as a "leader" in a large-scale cocaine operation was erroneous, and that the Commission should not have relied on this information. This contention lacks merit.
 
 
 4
 Our review of parole decisions is limited to determining whether the Commission "has acted outside its statutory authority or has committed a constitutional violation, but we may not review any decision involving the 'exercise of judgment among a range of possible choices or options.' " Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988) (quoting Wallace v. Christensen, 802 F.2d. 1539, 1552 (9th Cir.1982) (en banc)). Within this unreviewable area are those judgments integral to individual parole decisions, including the nature and circumstances of the offense. Roberts v. Carrothers, 812 F.2d 1173, 1176 (9th Cir.1987). Moreover, this court lacks jurisdiction to review the reliability of the sources of information in the presentence report. Walker v. United States, 816 F.2d 1313, 1317 (9th Cir.1987). The requirements of due process are satisfied if the prisoner is apprised of the information upon which the Commission may rely in setting a parole date and has an opportunity to challenge such information. Roberts, 812 F.2d at 1179.
 
 
 5
 Here, the Commission's decision to rely on information in the presentence report was within its statutory authority. See Walker, 816 F.2d at 1317 (the presentence report may serve as a basis for the Commission's decision); Roberts, 812 F.2d at 1179-80 (the evaluation of evidence properly before the Commission is left almost entirely to its discretion); 18 U.S.C. 4207(3) (Commission shall consider the presentence report if it is available and relevant). Moreover, Rivera-Ramirez had notice that the Commission would consider the presentence report, and an opportunity at his parole hearing and in an administrative appeal to challenge the allegedly false information. See Roberts, 812 F.2d at 1179.
 
 
 6
 Here, the parole Commission, relying on the presentence report, determined that Rivera-Ramirez was a leader in a large-scale drug operation. We lack jurisdiction to review the reliability of the sources of information in the presentence report. See Walker, 816 F.2d at 1317.
 
 
 7
 Rivera-Ramirez also contends that he was denied equal protection because of the disparity in the release dates between himself and his codefendants. This contention lacks merit.
 
 
 8
 "The parole inquiry into offense severity ... focuses on the 'actual offense behavior' of the individual prisoner." Roberts, 812 F.2d at 1180. The Commission is not limited to evidence adduced at trial in determining an individual severity rating or rendering a presumptive parole release date. Id.; see also 28 C.F.R. Sec. 2.19. The Commission's decision to continue Rivera-Ramirez's incarceration until the expiration of his sentence was based on his leadership role in the conspiracy. Thus, any disparity in release dates is based on Rivera-Ramirez's own behavior and is within the Commission's discretion. See Roberts, 812 F.2d at 1180. Accordingly, the district court did not err in denying Rivera-Ramirez's petition for a writ of habeas corpus.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court has received a supplemental brief from petitioner, although permission to file it was never granted. The motion to file the brief is denied
 
 
 [2]
 Rivera-Ramirez also contends that the Commission double counted when they considered the allegedly erroneous information both in determining his offense severity rating as a category eight and in rendering a decision above the minimum guideline. This contention lacks merit. The petitioner's offense severity category was scored as a category eight because it involved a conspiracy to possess with intent to distribute more than 15 kilograms of pure cocaine. The decision to continue Rivera-Ramirez's term to the expiration of his sentence was based on a number of factors, including Rivera-Ramirez's leadership role in an unusually extensive organized criminal enterprise. Thus, there was no double counting. Moreover, if there were double counting, it would not be error. See Torres Macias v. United States Parole Comm'n, 730 F.2d 1214, 1218 (9th Cir.1984)