No. 24792.

Jack L. Wilkerson v. Wayne K. Patterson, Warden, Colorado State Penitentiary; and Edward W. Grout, Executive Director of Colorado Department of Parole; and Gordon W. Heggie, Chairman, State Board of Parole; and Robert D. Trujillo, Member, State Board of Parole.

(483 P.2d 365)

Decided April 12, 1971.

Frank Dubofsky, for petitioner-appellant.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, Assistant, for respondents-appellees.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

THIS is an appeal from the denial of a petition for writ of habeas corpus filed May 12, 1970, by Jack Wilkerson, appellant. The factual setting in which the issue arose is uncomplicated. Jack Wilkerson was convicted of burglary on December 1, 1965, and sentenced to the state penitentiary for not less than five nor more than eight years.

After serving two years and ten months, defendant was granted parole. On May 29, 1969, his parole was revoked and he was returned to the penitentiary. He was scheduled for unconditional release on July 29, 1970. In May of 1970, Wilkerson filed his petition for writ of habeas corpus claiming he had an absolute right to be released on parole during the last ninety days of his sentence by virtue of the language of 39-18-1(4).

The statute in question provides,
"The board shall have the sole power to grant or refuse to grant parole, and to fix the conditions thereof; and shall have full discretion to set the duration of the term of parole granted, but in no event shall the term of parole exceed the maximum sentence imposed upon the inmate by the court, *but in any case, parole shall be granted not less than ninety days prior to the expiration of the term for which a person has been sentenced to the state penitentiary*." (Emphasis added.)

The underscored language gave rise to defendant's alleged entitlement to parole. However, in order to get the flavor of what the General Assembly intended when they created the full-time parole board in 1969, it is necessary to consider the whole act. The 1969 act is contained in 39-18-1. It consists of ten subsections.

Our review is limited to the interpretation of 1969 Perm. Supp., C.R.S. 1963, 39-18-1(4), as it relates to parole of a felon during the final ninety days of his sentence. Because of the necessity to consider the act

as a whole, reference will be made to other provisions to determine legislative intent.

Three possible interpretations of the underscored portion 39-18-1(4) have been suggested by the parties in their briefs and arguments before the court.

First, Wilkerson places emphasis on the phrase, "but in any case." He maintains that this clause means that in every instance an inmate must be placed on parole during the last ninety days of his sentence. In other words, he asserts that the portion of subsection (4) which says "parole shall be granted not less than ninety days prior to the expiration of the term for which a person has been sentenced to the state penitentiary" is mandatory, and that the parole board has no discretion in the granting or refusal of parole for that period of time, even though a prior parole has been revoked.

The second alternative is the interpretation followed by the parole board and the one adopted by the trial court. This interpretation holds that an inmate is automatically entitled to parole during the last ninety days of his sentence, unless a prior parole has been revoked. Under this interpretation, the defendant, under the facts here, was not eligible for the automatic parole.

The attorney general submits a third alternative. He interprets the statute as giving the parole board complete discretion to grant or deny parole, but if it grants parole, it must do so not less than ninety days prior to the expiration of the term of the sentence.

■ We agree with the attorney general's interpretation of the statute. The first clause of subsection (4) grants to the board "the sole power to grant or refuse to grant parole." This alternative is compatible with other language found in the act. For instance, in subsection (c) we find,

"... The board *may* parole any person who is sentenced or committed to the state penitentiary, when such person has served his minimum sentence less time allowed for good behavior, and there is a strong and reasonable

probability that such person will not thereafter violate the law and that his release from institutional custody is compatible with the welfare of society. If an application for parole is refused by the board, the board shall reconsider within one year thereafter the granting of parole to such person, and shall continue such reconsideration each year thereafter until such person is granted parole or until he is discharged pursuant to law;" (Emphasis added.)

It is evident from the foregoing that the board has absolute discretion in the granting or denial of parole. It may parole if there "is a strong and reasonable probability that the inmate will not thereafter violate the law and that his release" is compatible with the welfare of society. These are determinations that depend exclusively on the judgment and discretion of the board. The board is explicitly not required to grant an application, but when it does *not* grant a parole, it must reconsider the application each succeeding year until the prisoner is discharged pursuant to law; that is, until he has fully served the maximum term of his sentence less time allowed for good behavior, if any.

It is abundantly clear from the quoted language that it was not the intention of the General Assembly to provide a mandatory period of parole. It is equally clear that if in the judgment of the board, parole is indicated for a particular inmate, it must be "granted not less than ninety days prior to the expiration of the term" of his sentence. Obviously, the General Assembly felt that parole for a period less than ninety days was neither in the best interests of the prisoner nor compatible with the welfare of society.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE LEE concur. MR. JUSTICE GROVES specially concurs.

MR. JUSTICE GROVES specially concurring.

In my view, there is a further reason why this judgment should be affirmed. The defendant was granted parole "not less than ninety days prior to the expiration of the term." Later his parole was revoked. To use common vernacular, he had already had his "bite at the cherry."