Norman JACKSON, Plaintiff-Appellant,

v.

Mamie B. REESE et al.,
Defendants-Appellees.

No. 79–2206
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 1979.

Norman Jackson, pro se.

Arthur K. Bolton, Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

Appellant, Norman Jackson, a Georgia state prisoner, brought this 42 U.S.C. § 1983 action against Mamie Reese, Chairman of the Georgia Parole Board. Appellant alleges (1) that the parole board's refusal to allow him access to his files violates due process, and (2) that the board's consideration of the nature and circumstances of his offense amounts to a second trial for the same offense, in violation of the double jeopardy clause. The district court dismissed his complaint for failure to state a cause of action. We affirm.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

The issue presented in this action is whether appellant set forth specific facts that would, if proved, warrant the relief he sought. It is axiomatic that courts are required to liberally construe pro se complaints. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Appellant's complaint should not have been dismissed unless it appeared that he could prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1958); accord *Johnson v. Wells*, 566 F.2d 1016 (5th Cir. 1978). We hold that the district court properly dismissed appellant's complaint.

The threshold question under § 1983 is whether the complainant has been deprived of a cognizable liberty or property interest. The Supreme Court has held that the denial of parole, as distinguished from the revocation of parole, does not amount to a loss of liberty in the due process context. *Greenhultz v. Nebraska Penal Inmates*, ── U.S. ──, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Brown v. Lundgren*, 528 F.2d 1050 (5th Cir. 1976), cert. denied, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283. Since appellant has not shown a deprivation of a constitutionally protected interest, this Court need not address whether the Georgia Parole Board's procedures comport with due process. *Id.* at 1053.

It is clear that Jackson was not denied any constitutional rights by reason of the parole board's consideration of the nature and circumstances of his offense. See, *Payne v. United States*, 539 F.2d 443 (5th Cir. 1976), cert. denied, 429 U.S. 1103, 97 S.Ct. 1131, 51 L.Ed.2d 554 (1977). Likewise, it has been held that the refusal of a parole board to allow an inmate to examine his file "does not assume the proportions of a deprivation of his rights under the Constitution or the laws of the United States." *Cook v. Whiteside*, 505 F.2d 32, 34 (5th Cir. 1974).

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.