Michael Earl STATON,
Plaintiff-Appellant,

v.

Louie L. WAINWRIGHT and Maurice G.
Crockett, Defendants-Appellees.

No. 80–5464.

United States Court of Appeals,
Fifth Circuit.*
Unit B

Jan. 11, 1982.
Certiorari Denied March 29, 1982.
See 102 S.Ct. 1757.

Gary M. Ketchum, (court-appointed) Tallahassee, Fla., for plaintiff-appellant.

Shirley A. Walker, Asst. Atty. Gen., Dept. of Legal Affairs, Civil Division, Tallahassee, Fla., for defendants-appellees.

Before RONEY, VANCE and RANDALL, Circuit Judges.

RONEY, Circuit Judge:

The question in this case is whether Florida's parole laws create an entitlement to release so that the failure to accord plaintiff an initial parole interview in the time required by state law violates constitutional due process under the principles established in *Greenholtz v. Nebraska Penal Inmates,*

---

* Former Fifth Circuit case, Section 9(1) of Public    Law 96–452—October 14, 1980.

442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

Serving a 15-year sentence for burglary, Michael Earl Staton filed an action under 42 U.S.C.A. § 1983, alleging the Florida Probation and Parole Commission acted unconstitutionally in failing to give him an initial parole interview within the time required by state law. Staton sought both compensatory and punitive damages. The district court dismissed the complaint on the ground that Florida law created no constitutionally-protected interest in a parole interview. We affirm.

■ In not receiving an initial interview within the time required by the Florida statute, Staton claims his constitutional due process rights were violated and the Commission thereby caused him to remain in prison longer than he otherwise would. Staton's claims are in essence a challenge to the fact and duration of his confinement. This Court has held that plaintiffs in such cases must first proceed by way of habeas corpus which requires exhaustion of state remedies. *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979); *see Streeter v. Hopper*, 618 F.2d 1178 (5th Cir. 1980). Staton, however, has been released on parole and cannot now seek an effective remedy through a habeas corpus proceeding. We therefore address Staton's section 1983 claims. *See generally Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

■ A 1983 complaint should not be dismissed unless it appears beyond a doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Jackson v. Reese*, 608 F.2d 159 (5th Cir. 1979); *Cook v. Whiteside*, 505 F.2d 32 (5th Cir. 1974). *See also Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Our initial inquiry focuses on whether the two essential elements of a section 1983 action are present: first, whether the conduct complained of was committed by a person acting under color of state law; and second, whether this conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Tay-*

*lor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Since the Commission clearly acted "under color of law," the question for decision here is whether Staton has been deprived of a liberty or property interest secured by the Constitution or the laws of the United States. *Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979).

■ Although the United States Supreme Court has held there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence, a state may create such a right through its parole system. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 12, 99 S.Ct. 2100, 2103, 2106, 60 L.Ed.2d 668 (1979).

■ Under Florida law, the Parole and Probation Commission is to provide an inmate an initial interview within certain specified times after the initial date of confinement. Fla.Stat. § 947.16(1). Within 45 days after this interview, the inmate is to be advised of his or her presumptive parole release date. *Id.* at (4); Fla.Stat. § 947.-172(2). " 'Presumptive parole release date' means the tentative parole release date as determined by objective parole guidelines." Fla.Stat. § 947.005(5).

The objective parole guidelines are developed by the Commission and are based on the seriousness of the inmate's offense and the likelihood of favorable parole outcome (an inmate's prior history of crime). Fla. Stat. § 947.165. Under the Commission's guidelines, these two considerations provide a matrix range within which the Commission may establish an inmate's presumptive parole release date. The guidelines also permit the Commission in certain circumstances to set an inmate's presumptive release date beyond the matrix range. *See Baker v. Florida Parole and Probation Commission*, 384 So.2d 746 (Fla.Dist.Ct.App. 1980).

Sixty days prior to the presumptive parole release date, a final interview with the

inmate is held to establish an effective parole release date. Fla.Stat. § 947.174. The "effective parole release date" is the actual parole release date as determined by the presumptive parole release date, satisfactory institutional conduct as determined by the Commission, and an acceptable parole plan as developed and approved by the Commission. Fla.Stat. §§ 947.005(6), 947.-174. The inmate is to be released on the effective parole release date.

Although the Florida parole statutes were revised in 1978 to establish objective means for determining and establishing parole dates for inmates, Fla.Stat. § 947.002, the Commission retains substantial discretionary powers over the granting of a parole:

> No person shall be placed on parole merely as a reward for good conduct or efficient performance of duties assigned in prison. No person shall be placed on parole until and unless the commission shall find that there is reasonable probability that, if he is placed on parole, he will live and conduct himself as a respectable and law-abiding person and that his release will be compatible with his own welfare and the welfare of society. No person shall be placed on parole unless and until the commission is satisfied that he will be suitably employed in self-sustaining employment, or that he will not become a public charge. The commission shall determine the terms upon which such persons shall be granted parole. In addition to any other lawful condition of parole, the commission may make the payment of the debt due and owing to the state under s. 960.17 a condition of parole, subject to modification based on change of circumstances.

Fla.Stat. § 947.18.

The Commission's discretionary function is apparent. The Florida scheme does not provide for any specific conditions which would mandate an inmate's release until the Commission approves an effective parole release date. The Florida plan is thus markedly different from the Nebraska plan before the Supreme Court in *Greenholtz.*

In Nebraska, the state statute expressly mandated release unless the Board of Parole decided that one of four specified reasons for denial was applicable. The Court accepted the view that this statute required some measure of constitutional protection, but emphasized that it had a unique structure and stated that whether any other state statute provides a protectible interest or entitlement must be decided on a case by case basis. The Supreme Court later contrasted the Nebraska parole scheme with the Connecticut plan, which it held did not create such an interest. In Connecticut, the statute had "no definitions, no criteria, and no mandated 'shalls.'" *Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 466, 101 S.Ct. 2460, 2465, 69 L.Ed.2d 158 (1981).

Much of the Florida statutory scheme is written in mandatory terms. That language, however, is qualified by the exercise of the Commission's discretion. The setting of the presumptive parole release date and the decision whether that date is to become the effective parole release date are matters committed ultimately to the discretion of the Commission. Even if the inmate's conduct has been satisfactory, Florida law specifically grants the Commission the power to authorize the effective parole release date or to deny or delay release.

Since the decision whether to release an inmate on parole is a matter committed to the discretion of the Commission without the mandate of statute, no entitlement to or liberty interest in parole is created by the Florida statutes. The Second Circuit has reached the same conclusion with regards to the New York parole statutes, which are similar to the Florida parole laws. *See Boothe v. Hammock,* 605 F.2d 661 (2d Cir. 1979).

Since the Florida parole statutes do not create a protectable interest in a timely initial interview, there is no set of facts Staton could show which would entitle him to relief. The district court correctly dismissed Staton's section 1983 claim.

AFFIRMED.