Harry SLOCUM, Plaintiff-Appellant,

v.

**GEORGIA STATE BOARD OF PARDONS AND PAROLES, James T. Morris, Chairman, J. O. Partain, Jr., Mrs. Mamie B. Reese, Floyd Busbee, and Mobley Howell, Members, Defendants-Appellees.**

No. 81–7259.

United States Court of Appeals, Eleventh Circuit.

June 14, 1982.

Al Horn, Barry Hazen, Atlanta, Ga. (court-appointed), for plaintiff-appellant.

Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before MORGAN, JOHNSON and HENDERSON, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

This appeal under 28 U.S.C. § 2253 from the dismissal of petitioner's writ of habeas corpus requires that we decide whether Georgia's parole laws create a protectable expectation of conditional release so as to entitle the petitioner to due process in his consideration for parole. For the reasons stated below, we resolve this issue adversely to petitioner and affirm the decision of the district court.

Petitioner-appellant Harry Slocum is presently serving two concurrent life sentences imposed following his 1973 convictions for murder and armed robbery. In August, 1979, the Georgia State Board of Pardons and Paroles accorded petitioner parole consideration for the first time. Slocum's "parole file" was reviewed, and he was interviewed by a parole board member. Slocum asserts that at this interview he was asked why prior to his arrest he had been a panderer and never otherwise employed. Although it is unclear from the record how petitioner immediately responded, he has since steadfastly maintained that before his incarceration he was a legitimate wage earner. Petitioner alleges that the board member's question was precipitated by inaccurate information contained in his parole file; that his requests for access to his file to determine the precise nature of this misinformation were denied; and that the parole board's consideration of inaccurate reports caused the denial of his parole in both 1979 and in August, 1980.

■ Petitioner filed a writ of habeas corpus in the United States District Court for the Northern District of Georgia challenging the 1979 and 1980 adverse parole decisions. A United States magistrate found Slocum's challenges to be without merit. The district court adopted the magistrate's findings and recommendation, and Slocum's petition was dismissed. Of petitioner's various contentions, we are on this appeal only presented with his claims that he was denied due process by the parole board's consideration of erroneous information in denying him parole and by the board's refusal to allow him access to his files.[1]

■ Before the Due Process Clause of the Fourteenth Amendment comes into play, governmental deprivation of a person's liberty or property must be shown. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). A convicted person does not have a constitutional or inherent right to be conditionally released before expiration of a valid sentence. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979). A state may, however, create a legitimate claim of entitlement to parole through statutory language[2] creating a protectable expectation of release. *Id.* at 11, 99 S.Ct. at 2105.

■ Under Georgia law the decision whether to release an inmate on parole is a matter committed to the discretion of the State Board of Pardons and Paroles. Ga. Code Ann. §§ 77–514, 77–515 (1973). While many of the provisions structuring the board's exercise of its discretion include mandatory language—e.g. Ga.Code Ann. §§ 77–512, 77–516, 77–525—there is a critical distinction between "a scheme that requires release 'unless adverse findings based on [specific] criteria are made' [and] a scheme that simply obligates the board to consider such criteria in exercising its discretion." *Boothe v. Hammock*, 605 F.2d 661, 664 (2d Cir. 1979); *see Staton v. Wainwright*, 665 F.2d 686 (5th Cir. 1982) (former Fifth Circuit opinion). The Nebraska statute found in *Greenholtz* to create a protectable interest in parole clearly falls into the former category;[3] the Georgia parole scheme certainly falls into the latter. No entitlement to or liberty interest in parole is created by the Georgia statutes.

Petitioner argues that even if there is no statutorily created liberty interest in *parole*, particular provisions of the Georgia Code create a protectable entitlement to parole *consideration*. Specifically, petitioner cites the requirement in section 77–525 that parole consideration "shall be automatic" upon the expiration of a set period of confinement and language in section 77–512

1. Petitioner raised three contentions in his original writ of habeas corpus: (1) the board improperly considered the circumstances of the offenses of which he was convicted and his past pattern of criminal behavior in making the parole decision; (2) the board inflicted cruel and unusual punishment by falsely promising Slocum that he would be granted parole at his next consideration; and (3) the board denied petitioner access to his parole files, thereby depriving him of due process of law. Later, in an amended petition, Slocum added a claim that the board considered erroneous information in denying him parole. We are not asked to consider the first two of these contentions. Slocum's initial challenge was not repeated in his counsel's brief or mentioned at oral argument. In any case the claim is meritless in light of the holdings in *Jackson v. Reese*, 608 F.2d 159 (5th Cir. 1979) and *Payne v. United States*, 539 F.2d 443 (5th Cir. 1976), *cert. denied*, 429 U.S. 1103, 97 S.Ct. 1131, 51 L.Ed.2d 554 (1977). As for petitioner's second contention, it was conceded at oral argument that no

language in any written communication from the parole board to Slocum could reasonably be construed as a promise of parole. Petitioner's remaining arguments are addressed in this opinion.

2. In *Jago v. Van Curen*, 454 U.S. 14, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981), the Court resolved a question left unanswered in *Greenholtz* and held that a protectable expectation of parole could not be created by "mutually explicit understandings"—i.e. an unwritten common law of sentence commutation created by traditional but not statutorily mandated parole commission practices. *See also Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981).

3. The holding in *Greenholtz* turned on language in the Nebraska parole statutes specifying that release "shall" be ordered "unless" one of four disqualifying conditions is found to exist.

that the board include in the parole file "as complete information as may be practically available...." If these provisions create a protectable expectency in parole consideration, petitioner argues that the consideration must comport with due process standards. Petitioner's unique theory is without merit. Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness. *See Brown v. Lundgren*, 528 F.2d 1050 (5th Cir.), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976). In *Staton v. Wainwright*, 665 F.2d 686 (5th Cir. 1982) (former Fifth Circuit decision), the court concluded that no liberty interest in parole was created by the Florida statutes. The court, therefore, rejected appellant's claim that his due process rights were violated when he did not receive an initial parole interview within the time required under the parole laws. The analysis in *Staton* was adopted by the Eleventh Circuit in *Hunter v. Florida Parole and Probation Commission*, 674 F.2d 847 (11th Cir., 1982), where the court held that no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated a prisoner's "presumptive parole release date." Accordingly, in the instant case petitioner Slocum's allegation that the Georgia parole board has not accorded him adequate parole consideration does not entitle him to release.

In view of the foregoing discussion, we must also conclude that petitioner has not established a due process right to inspect his parole file. "[T]he refusal of a parole board to allow an inmate to examine his file 'does not assume the proportions of a deprivation of his rights under the Constitution or the laws of the United States.'" *Jackson v. Reese*, 608 F.2d 159 (5th Cir. 1979) (citing *Cook v. Whiteside*, 505 F.2d 32, 34 (5th Cir. 1974)).

Under the allegations in his petition, Slocum could prove no set of facts which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1959). Accordingly, the judgment of the district court is

AFFIRMED.