Earl Vernon THOMPSON, Jr.,
Plaintiff-Appellant,

v.

Chase RIVELAND, Executive Director, Colorado Department of Corrections; William Wilson, Superintendent, Centennial Correctional Facility, Colorado Department of Corrections; Thomas I. Cooper, Superintendent, Shadow Mountain Correctional Facility, Colorado Territorial Correctional Facility, Colorado Department of Corrections; Jim Brittain, Superintendent, Colorado Territorial Correctional Facility, Colorado Department of Corrections; Gene Tollis, Director of Records, Colorado Department of Corrections; Lena Dice, Time Computation Administrator, Colorado Territorial Correctional Facility, Colorado Department of Corrections; Judy Finch, Parole Agent, Division of Adult Services, Colorado Department of Corrections; Gregory Bodakian, Parole Agent, Division of Adult Services, Colorado Department of Corrections; Richard Sutton, Chairman, Colorado State Board of Parole; Donald Pacheco, Member, Colorado State Board of Parole; Burnedette Knous, Member, Colorado State Board of Parole; Chris Wilkerson, Member, Colorado State Board of Parole; Edward Buckingham, Director of Offender Services, Division of Adult Services, Colorado Department of Corrections; Donna Lomis, Time Computation Department, Colorado Territorial Correctional Facility, Colorado Department of Corrections; Dan Everett, Staff Psychiatrist, Mental Health Department, Colorado Territorial Correctional Facility, Colorado Department of Corrections, Defendants-Appellees.

No. 85CA0084.

Colorado Court of Appeals,
Div. II.

Jan. 16, 1986.

Earl Vernon Thompson, Jr., pro se.

Hall & Evans, P.C., Alan Epstein, Denver, for defendants-appellees.

STERNBERG, Judge.

Plaintiff, Earl Vernon Thompson, Jr., appeals from the summary judgment dismissing his complaint on motion of defendants, all of whom are either employees of the Colorado Department of Corrections or members of the Colorado State Board of Parole. We affirm.

Plaintiff, was an inmate at the Colorado State Penitentiary, having been sentenced in 1973. He filed suit seeking compensatory and punitive damages under 42 U.S.C. § 1983 and the Colorado Governmental Immunity Act, § 24–10–101, et seq., C.R.S. (1984 Cum.Supp.), for violation of rights protected by the federal and state constitutions. Defendants filed a motion for summary judgment, alleging as grounds therefor that plaintiff's action was barred by the applicable statute of limitations, that plaintiff had failed to comply with the notice provisions of the Colorado Governmental Immunity Act, and that plaintiff's complaint failed to state a claim upon which relief could be granted. The trial court granted defendants' motion for summary judgment without disclosing its reasons and dismissed plaintiff's complaint. Seeking reinstatement of his complaint, plaintiff appeals.

### I. 42 U.S.C. § 1983

Plaintiff contends that his complaint states a claim under 42 U.S.C. § 1983. The complaint alleged that his constitutional due process rights were violated because defendants incorrectly calculated his parole eligibility date and that, therefore, his initial parole interview was not conducted until approximately one and one-half years after the time required by statute. Even accepting plaintiff's factual allegations as true, we perceive no violation of any of defendant's legal rights.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff need only allege that (1) some person deprived him of a federal right and (2) this person acted under color of state law. *Espinoza v. O'Dell*, 633 P.2d 455 (Colo.1981). A complaint filed pursuant to 42 U.S.C. § 1983 should not be dismissed unless it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Deason v. Lewis*, 706 P.2d 1283 (Colo.App. 1985). Because the defendants here clearly acted "under color of state law," the question for decision is whether plaintiff was deprived of a liberty or property interest

secured by the constitution or the laws of the United States.

■ A convicted person does not have a constitutional or inherent right to be conditionally released before expiration of a valid sentence. *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); § 17–20–118, C.R.S. However, a legitimate claim of entitlement to parole may be created by the language employed in a state's statutory scheme. *Greenholtz v. Nebraska Penal Inmates, supra; Slocum v. Georgia State Board of Pardons & Paroles,* 678 F.2d 940 (10th Cir.1982).

■ Under the law in effect at the time relevant here, an inmate was not entitled to parole as a matter of right, and the grant or denial of parole was a matter entrusted to the absolute discretion of the parole board. *In re Question Concerning State Judicial Review of Parole Denial,* 199 Colo. 463, 610 P.2d 1340 (1980); *Wilkerson v. Patterson,* 174 Colo. 264, 483 P.2d 365 (1971); § 17–2–201(5)(a), C.R.S. The statutory scheme sets forth general criteria to guide the parole board in reaching its discretionary decision. Section 17–2–201(3)(a) and (b), C.R.S.; Department of Corrections Regulation No. 7.7, 8 Code Colo.Reg. 1503–1. It does not set forth specific criteria which mandate release.

■ A critical distinction exists between a statutory scheme which requires a grant of parole unless adverse findings based upon specific criteria are made and a statutory scheme which simply requires a parole board to consider general criteria in exercising its discretion. Under the latter, no entitlement to or liberty interest in parole is created. *Slocum v. Georgia State Board of Pardons & Paroles, supra; Staton v. Wainwright,* 665 F.2d 686 (5th Cir. 1982); *Booth v. Hammock,* 605 F.2d 661 (2nd Cir.1979); *Severance v. Armstrong,* 96 Nev. 836, 620 P.2d 369 (1980); *Phillips v. Williams,* 608 P.2d 1131 (Okla.1980). *See also Greenholtz v. Nebraska Penal Inmates, supra.* Accordingly, the Colorado statutory scheme does not create a constitutionally protected entitlement to, or liberty interest in, parole. *See Ferchaw v. Tinsley,* 234 F.Supp. 922 (D.Colo.1964)

■ Furthermore, there is no merit to plaintiff's contention that, even if there is no statutorily created liberty interest in parole, certain mandatory provisions of the statutory scheme create a protectable entitlement to a timely initial parole interview. While the Colorado courts have the authority to compel the parole board to carry out certain mandatory statutory duties, *White v. Rickets,* 684 P.2d 239 (Colo.1984); *In re Question Concerning State Judicial Review of Parole Denial, supra,* these mandatory duties do not have to comport with due process requirements unless there exists a federally protected liberty interest in parole. *Slocum v. Georgia State Board of Pardons and Paroles, supra; Staton v. Wainwright, supra; Booth v. Hammock, supra; Severance v. Armstrong, supra; Phillips v. Williams, supra. See also Greenholtz v. Nebraska Penal Inmates, supra.*

■ Therefore, as a matter of law, no set of facts could be demonstrated by plaintiff within the allegations of his complaint which would entitle him to relief under 42 U.S.C. § 1983.

## II. State Law Claims

Arguing that defendants' failure to record and calculate accurately good-time credit earned and the commutations of his sentences constitutes "malfeasance in office" entitling him to money damages, plaintiff contends that his complaint states a claim cognizable under state law. Again, we disagree.

■ In order to state a claim for negligence, a plaintiff must allege that (1) he incurred injuries or damages, (2) defendant was negligent, and (3) defendant's negligence caused his injuries or damages. *Independent Lumber Co. v. Leatherwood,* 102 Colo. 460, 79 P.2d 1052 (1938); *CJI–Civ.2d* 9:1 (1980).

■ Here, plaintiff alleged that the delay in providing his initial parole interview, which allegedly resulted from defendants'

failure to calculate accurately his parole eligibility date, constituted cruel and unusual punishment, involuntary servitude, and slavery. However, even if his parole eligibility date had been accurately computed and his initial parole interview had been timely conducted, plaintiff would have had no right to have been released on parole. *See Greenholtz v. Nebraska Penal Inmates, supra; In re Question Concerning State Judicial Review of Parole Denial, supra.* Accordingly, the delay, if any, in providing plaintiff's initial parole interview cannot be parlayed into cruel and unusual punishment, involuntary servitude, or slavery.

Therefore, we conclude, as a matter of law, that plaintiff incurred no injuries or damages as a result of defendants' acts. There being no injury, plaintiff's complaint fails to state a claim upon which relief can be granted under state law.

Because no genuine issues of material fact relating to the grounds upon which we have based our decision could be created by plaintiff through discovery, his contention with respect to the trial court's denial of his motion to compel discovery is without merit.

The judgment is affirmed.

SMITH and BABCOCK, JJ., concur.