813 F.2d 1229
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ZUAN TUAN MAI and Boyd D. Stark, Appellants,
v.
Virginia POWER; R.D. Ketterman; L.S. Cridlin; R.T.
Shufelt, Appellees.
 No. 86-1551.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 11, 1986.
Decided March 10, 1987.
 
 Before WINTER, Chief Judge, RUSSELL, Circuit Judge, and McMILLAN, United States District Judge for the Western District of North Carolina, sitting by designation.
 Elwood E. Sanders, Jr. (Batliner & Crum, on brief), for appellant.
 Paul E. Mirengoff (A. Neal Barkus; Hunton & Williams, on brief), for appellees.
 PER CURIAM:
 
 
 1
 Plaintiffs Zuan Tuan Mai and Boyd D. Stark sued their former employer Virginia Power and certain of its supervisory personnel alleging discrimination in their suspension and discharge, in violation of 42 U.S.C. Sec. 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec.Sec. 2000e et sea., based upon the fact that Mai is Vietnamese and Stark associated with Mai. Plaintiff Stark's claim under Title VII was dismissed as untimely because he failed to file a charge with EEOC within the time required by law. The case was tried on Mai's Title VII claim and the Sec. 1981 claim of both plaintiffs. The district court directed a verdict for defendants at the close of plaintiffs' case and they appeal. We reverse and remand for a new trial.
 
 I.
 
 2
 In directing a verdict for defendants, the district court ruled that plaintiffs had proved three prongs of the four-prong test formulated in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973), viz: that they (or at least Mai) were members of a protected class, that they were qualified for their jobs, and that despite their qualifications, they were suspended and discharged. The district court ordered a directed verdict for the defendants, ruling that even though the plaintiffs proved that they had been discharged for misconduct, they failed to prove that their employer continued to employ others who committed acts of comparable seriousness of which each plaintiff was accused. We agree with the district court's formulation of the elements establishing a meritorious claim on the part of an employee who is guilty of misconduct that he was not treated equally with persons guilty of similar misconduct. See Moore v. Charlotte, 754 F.2d 1100 (4 Cir. 1985), cert. denied, --U.S. ---(1985). But we do not think that the record shows that the plaintiffs had failed to prove that they were discharged for reasons that were a pretext for racial discrimination. EEOC v. Western Electric Co., 713 F.2d 1011, 1014 (4 Cir. 1983) (burdens of proof for a claim of pretextual discharge).
 
 
 3
 We do not perceive in the record direct evidence of discrimination. The proof showed that plaintiffs were suspended and discharged for having engaged in sexual acts on their employer's property during a lunch break. There was evidence that the supervisor who reported the incident to his superiors had previously made discriminatory remarks about Mai's race and country of origin and disparaging remarks about the relationship between Mai and Stark. But it was not his observation that was the basis for the charge. He merely reported the accounts of misconduct given by other employees, and the proof showed that he played no role in the decision to suspend and then discharge the plaintiffs. We are concerned therefore with circumstantial proof of discrimination.
 
 
 4
 Virginia Power contends that the proof established that it had a good faith belief that plaintiffs had engaged in misconduct and that this belief, even if not well-founded, was the motivation for its action. If Virginia Power had such a belief and acted on it, plaintiffs cannot recover. But if Virginia Power did not have such a belief, the plaintiffs would have a colorable claim that they were discharged on the basis of a pretext. As we review the record, the evidence that Virginia Power possessed and acted on a genuine belief that the charge was well-founded was lacking at the time that judgment for defendants was granted. At the time the directed verdict was ordered, the record showed only that plaintiffs were discharged for allegedly sexual misconduct. It did not disclose what investigation had been conducted by the employer or even that the alleged witnesses to the plaintiffs' misconduct had been interviewed and interrogated. Some of the missing evidence was contained in defendant's exhibits filed in pretrial proceedings, but they had not yet been offered into evidence when the district court aborted the trial. In addition, plaintiffs' evidence included their denial of the misconduct charge. Moreover, even if Virginia Power in a full trial offers evidence that it possessed and acted on correct information or a good faith belief that incorrect information was correct, plaintiffs would have the right to prove that the reason assigned for their discharge was a pretext.
 
 II.
 
 5
 Plaintiffs also contend that the district court was in error in refusing to permit certain of their witnesses to testify because plaintiffs had failed to identify them in supplementary answers to defendant's interrogatories.
 
 
 6
 We need not decide this issue. we do not condone plaintiffs' omission, but the fact is that the purpose of witness identification was obviously to permit defendant to discover their testimony. The sanction was imposed because late identification deprived defendant of that opportunity. But since we order a new trial, defendant will have ample opportunity to pursue further discovery, and the testimony of the witnesses should not be excluded if it is relevant and not unnecessarily cumulative. See Wilson v. Volkswagen of America, Inc., 561 F.2d 494 (4 Cir. 1977).
 
 III.
 
 7
 Finally Stark contends that the district court should have applied the "single filing" rule of Allen v. United States Steel Corp., 665 F.2d 687 (5 Cir. 1982) so as to have heard his untimely Title VII claim. We disagree.
 
 
 8
 Under the single filing rule, a court may hear a Title VII claim that is otherwise barred because of a failure to file a timely charge with the EEOC where another plaintiff has timely filed a substantially similar claim with the EEOC. Under such circumstances, the goals of Title VII have been fulfilled because the EEOC has been given the opportunity to investigate and seek conciliation of the grievance at issue, and barring an untimely claim would serve no useful purpose. In this case, however, EEOC failed to investigate or seek conciliation of plaintiff Mai's claim because it erroneously concluded that his claim was also untimely. A timely charge from Stark would have given the EEOC an opportunity to recover from this error by allowing the EEOC to consider the issues raised in both Mai's and Stark's complaint, We think that applying the single filing rule is thus inappropriate in these circumstances. Cf. Crawford v. U.S. Steel, supra, (purpose of single filing rule is to avoid exalting form over substance).
 
 
 9
 REVERSED AND REMANDED.